Bouziatis v Allstate Ins. Co. (2020 NY Slip Op 03494)





Bouziatis v Allstate Ins. Co.


2020 NY Slip Op 03494


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-10925
 (Index No. 601598/13)

[*1]Crysellen Bouziatis, et al., appellants, 
v
Allstate Insurance Company, respondent.


Creedon & Gill P.C., Northport, NY (Peter J. Creedon of counsel), for appellants.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Michael P. Welch of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered September 23, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The defendant issued an insurance policy to the plaintiffs covering a Dodge Viper. During the policy period, on October 31, 2010, the vehicle was damaged and towed to a repair shop of the plaintiffs' choosing. The plaintiffs made a claim against the policy.
The vehicle was repaired at the repair shop at a cost of over $69,000, paid for by the defendant, less the plaintiffs' $1,000 deductible. The vehicle was returned to the plaintiffs and used by them.
Thereafter, in June 2013, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract based upon the defendant's decision to repair the vehicle instead of declaring it a total loss. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion and the plaintiffs appeal.
The defendant established, prima facie, that its decision to repair the vehicle was in compliance with relevant insurance regulations (see 11 NYCRR 216.7[b]), and the policy provisions. In opposition, the plaintiffs submitted the report of an expert dated July 5, 2016, stating that the vehicle should not have been repaired, but should have been declared a total loss. The report did not address how the 5½ intervening years between the accident and the expert's appraisal may have affected the condition of the vehicle. During that period, the vehicle was driven and additional repairs and modifications were made.
Since, in response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York , 49 NY2d 557, 562), we agree with the Supreme Court's determination to grant the defendant's [*2]motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court